UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21328-CIV-HOEVELER

**NATURE'S HEALTH AND NUTRITION, INC.**

    Plaintiff,

v.

**SERGIO NUNEZ.**

    Defendant.
_____/

### ORDER DENYING PLAINTIFFS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

THIS MATTER comes before the Court on the Plaintiff's motion to dismiss the defendant's counterclaim, or, in the alternative, for a more definite statement. The Court has been duly briefed and is fully advised in the premises. For the reasons that follow, the motion is DENIED.

### Background

Nature's Health and Nutrition, Inc., and Sergio Nunez advertise and sell competing brands of diet products on the Internet. According to the complaint, Nature's Health began selling a diet supplement called EPHEDRASIM in April 2006. Nature's Health applied for a trademark on "Ephedrasim" with the United States Patent and Trademark Office on December 20, 2006, and the trademark was registered on March 11, 2008. Nature's Health claims that, in October 2007, the defendant began selling diet products with

similar names "EPHEDRASIL," "EPHEDRASIL HARDCORE," "EFEDRASILHARDCORE," and "EPHEDRASIN HARDCORE" to imitate the name of Nature's Health's product. Nature's Health filed this lawsuit on May 6, 2008, seeking damages for trademark infringement, unfair competition, and false description under 15 U.S.C. §§ 1114 and 1125(a), and trademark infringement, unfair business practices, fraud, and tortious interference with a business relationship under Florida law. On July 7, 2008, Nunez filed its Answer, Affirmative Defenses, and Counterclaim, alleging that, in fact, Nature's Health is the trademark infringer, because "EPHEDRASIM" is merely an "imitation of the **NUNEZ marks.**" The counterclaim defines "NUNEZ marks" as including: "EFEDRA*SIL HARDCORE, EFEDRASILHARDCORE, EMAGRECE SIM, EPHEDRASIL HARCORE, AND NUPHENDRASIL HARDCORE." Counterclaim ¶¶ 13, 23.

Nature's Health now moves to dismiss the counterclaim or, in the alternative, for a more definite statement, arguing that the defendant's allegations are too vague and provide no basis to frame a responsive pleading.

I. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." Bell

2

Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (internal quotations omitted). Here, the complaint is not a "formulaic recitation of the elements of a cause of action," and it includes enough factual allegations "to raise a right to relief above the speculative level." Twombly, 127 S.Ct. 1964-65. Nature's Health has not argued or provided any basis for this Court to conclude that any of the seven counts in Nunez's counterclaim fail as a matter of law. Accordingly, the motion to dismiss is DENIED.

## II. Motion for a More Definite Statement

As an alternative to its motion to dismiss, Nature's Health requests that Nunez be required to make a more definite statement because the complaint does not specify which of the so-called "NUNEZ marks" are involved in each cause of action. The plaintiff argues, for example, that: "NUPHEDRASIL and EMAGRECE SIM are wholly different marks and cannot be merely lumped into the category of 'NUNEZ' marks." Motion ¶ 5. The Federal Rules of Civil Procedure allow a party to move for a more definite statement before responding to a pleading where the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Motions for a more definite statement are generally disfavored in the federal system in light of the liberal pleading and discovery requirements of the Federal Rules. BB In Tech. Co., Ltd. v. JAF, LLC, 242 F.R.D. 632, 640 (S.D. Fla. 2007);

<u>Scarfato v. Nat'l Cash Register Corp.</u>, 830 F.Supp. 1441, 1443 (M.D. Fla. 1993). In this instance, no more definite statement is required. The complaint sufficiently conveys Nunez's claim that he acquired superior rights in his "NUNEZ marks," and that Nature's Health's brand "EPHEDRASIM" either sounds like, or was derived from letters or sound elements of, one or more of Nunez's brands. For example, Nunez alleges that, to create the name EPHEDRASIM, Nature's Health, "used the 'SIM' from Nunez's 'EMAGRECE SIM' and change the 'F' in Nunez's 'EFEDRA' to a 'PH.'" Counterclaim ¶ 22. These allegations are not so vague and ambiguous that the plaintiff cannot be expected to respond in good faith or without prejudice. Accordingly, the motion for a more definite statement is DENIED.

DONE AND ORDERED in chambers in Miami, Florida, this 18th day of September, 2008.

*[signature]*

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies to all counsel